# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **DIANNE JOHNSON** | **CIVIL ACTION NO. 05-387** |
| -vs- | **JUDGE TRIMBLE** |
| **MARTIN WILLIAMS AND WILLIAM EARL HILTON, SHERIFF, RAPIDES PARISH** | |

## MEMORANDUM RULING

Before the court is a motion for partial summary judgment filed by the defendants, Martin Williams ("Williams") and William Earl Hilton, Sheriff, Rapides Parish ("Hilton") [Doc. #13]. The plaintiff, Dianne Johnson ("Johnson"), filed an opposition to the motion [#19]. The defendants replied to this opposition [#20]. For the following reasons, the motion for partial summary judgment will be granted in part, denied in part, and denied as moot in part.

## BACKGROUND

Johnson worked in the lunchroom and kitchen of Martin Park Elementary School. Williams also worked at Martin Park Elementary School as a school resource officer for the Rapides Parish Sheriff's Department. Hilton is the Sheriff of Rapides Parish. According to the complaint, "Williams engaged in conduct with sexual overtones towards Mrs. Johnson which she vocally objected to and requested such behavior cease." Compl. ¶ 6. Johnson alleges that Williams "on two occasions while in the course and scope of his employment

and while armed, used unnecessary and excessive physical force against [her]." Id. ¶ 7.

Johnson alleges that on 3 March 2004 Williams "twisted Mrs. Johnson's arm behind her back." Id. Johnson also alleges that, on a separate occasion, Williams "pushed her in the chest and then twisted her finger." Id. Johnson claims that as a result of these actions, she "suffered serious bodily and emotional harm and was deprived of her right to be secure in her place of employment." Id. ¶ 10. More specifically, she alleges that these actions caused her "to experience stress related medical problems, resulting in her undergoing painful testing at Huey P. Long Memorial Hospital and requir[ing] treatment for these problems." Id. ¶ 13. The defendants move to dismiss all claims except the state law claim for battery against Williams and the state law claim for vicarious liability for battery against Hilton.

## LEGAL STANDARDS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." Anderson, 477 U.S. at 248. A dispute about a material fact is considered "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. (internal citation and quotation marks omitted).

In making its determination, the court must draw "all justifiable inferences" in favor

of the nonmoving party. Id. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the nonmoving party must come forward, after adequate time for discovery, with specific facts showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Such evidence should create more than a "metaphysical doubt" about the material facts, Matsushita, 475 U.S. at 586, and should be more than a theoretical possibility that the claim is good. Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989).

The moving party need only point out the absence of evidence supporting the nonmoving party's case, and it "need not *negate* the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence – not argument, not facts in the complaint – will satisfy" the burden. Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991). Finally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations omitted).

## DISCUSSION

**I.  Excessive Force Claim**

Johnson brings a claim for excessive force against Williams.  Since there was no arrest involved, the Fourteenth Amendment, rather than the Fourth Amendment, is implicated.  In Petta v. Rivera, however, the Fifth Circuit indicated that the same analysis applies in evaluating this type of claim under the Fourteenth Amendment as a claim for excessive force during an arrest under the Fourth Amendment.  143 F.3d 895, 911 (5th Cir. 1998) ("[W]e see no principled reason for drawing an analytical distinction between the Petta children's due process claim and an arrestee's Fourth Amendment claim, given the substantially similar concerns implicated by the two claims.").  Both parties generally accept this framework but argue for different outcomes under it.

The parties also generally agree that, for such a claim to succeed, the plaintiff must have suffered more than a *de minimis* injury.  Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001).  The court agrees that, for this claim to survive summary judgment, the plaintiff must create a genuine issue of material fact as to whether or not she suffered more than a *de minimis* injury under relevant Fifth Circuit jurisprudence.

Johnson was experiencing health problems related to stress prior to the alleged incidents with Williams.  Ex. 2 to Defs.' Mot.  She did experience health problems after the time of the alleged incidents with Williams, but she has offered no evidence to suggest a connection between the two.  While Johnson testified during her deposition that she told her doctor about the incidents with Williams, she points to no medical records indicating that she

4

told any of her doctors about the incident. Johnson points to no records indicating that anyone with any medical expertise established a link between the alleged incidents with Williams and her medical problems.

Johnson does, however, testify that she experienced discomfort as a result of Williams' twisting of her arm behind her back. Defs.' Mem. 10. She also claims that she experienced pain as a result of the twisting of her finger. Id. at 13. She states that the finger hurt for "[m]aybe a day or so." Id. In addition, she states that she took aspirin as a result of the pain in her finger. Id. at 14. Also, as a result of the shove by Williams, Johnson states that her chest was sore. Id.

The relevant Fifth Circuit standard with respect to an incident for which no justification other than malice is conceivable is very low. Williams v. Bramer, 180 F.3d 699, 704 (5th Cir. 1999) (explaining standard and finding that malicious attack by police officer resulting in "dizziness, loss of breath, and coughing . . . combined . . . qualify as a cognizable injury"). In Bramer, a police officer allegedly choked the plaintiff out of malice (after the plaintiff allegedly said he was going to report the officer to internal affairs). Id. at 702. "In determining whether an injury caused by excessive force is more than de minimis, we look to the context in which that force was deployed." Id. at 703. In Bramer, the court found that summary judgment was not appropriate with respect to this touching by Bramer. Id. at 704. Because the touching was motivated entirely by malice, "Bramer was therefore not legitimately exercising force in the performance of his duties as an officer." Id.

Johnson's testimony is sufficient to create a genuine issue of material fact as to

whether or not Johnson suffered more than a *de minimis* injury. Id. Williams has offered no justification other than malice for the alleged batteries. This court therefore finds that Williams is not entitled to judgment as a matter of law with respect to the § 1983 claim against him. As such, the motion for summary judgment with respect to the § 1983 claim against Williams will be denied.

## II.     Intentional Infliction of Emotional Distress

A claim for intentional infliction of emotional distress under Louisiana law requires the plaintiff to prove three elements.

> "[T]o recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."

Nicholas v. Allstate Ins. Co., 765 So. 2d 1017, 1022 (La. 2000). In the motion for partial summary judgment, the defendants seek dismissal of Coleman's claim for intentional infliction of emotional distress on the basis that the conduct was not sufficiently extreme or outrageous as to create a claim for intentional infliction of emotional distress. In response, the plaintiff first cites to White v. Monsanto, a case previously cited by the defendants. 585 So. 2d 1205 (La. 1991). In Monsanto, a female employee sued a supervisor and her employer for intentional infliction of emotional distress based on a tirade of profanity directed at her and other employees by the supervisor. Id. at 1207. The jury awarded the plaintiff $60,000 for her injuries. The court of appeal affirmed and the Supreme Court

reversed the decision and rendered judgment in favor of the defendants. The court stated that "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id. at 1209.

Johnson in her response appears to shift gears and attempts to characterize the incident as a simple assault in violation of Louisiana law. The defendants correctly point out in their reply that "[a] review of the Complaint filed by Johnson reveals no mention of a claim for assault or LSA-R.S. 14:36. Thus, any argument concerning a claim for assault is beyond the scope of the pleadings and can safely be ignored." Defs.' Reply 5. The court agrees with this characterization and will not construe this claim as one for assault.

In addition, plaintiff has failed to proffer evidence that the conduct alleged was sufficiently extreme or outrageous to create a genuine issue of material fact with respect to this element. As such, Johnson's claim for intentional infliction of emotional distress will be dismissed with prejudice.

### III. Direct Liability against Hilton under § 1983

Hilton has argued that all direct liability claims against him under § 1983 must be dismissed. In her response, the plaintiff states that she "has not attempted to assert any federal cause of action against Sheriff Hilton." Pl.'s Mem. 2 n.1. A review of the complaint indicates that it is not entirely clear on which basis Johnson asserts her allegations in paragraph 12. This paragraph reads "[d]efendant William Earl Hilton, Sheriff of Rapides

7

Parish, Louisiana, is liable unto petitioner for all injuries suffered by petitioner as a result of the tortious conduct of defendant Williams." Compl. ¶ 12.

In light of the plaintiff's response to the motion for summary judgment, the court will treat all allegations of liability against Hilton as state law allegations. As such, the motion for summary judgment with respect to the direct liability claims against Hilton under § 1983 will be denied as moot.

### IV.     Appealability

A judgment disposing of fewer than all of the claims or parties is generally not considered a final judgment, and is therefore not immediately appealable. Rule 54(b) of the Federal Rules of Civil Procedure, however, permits a district court to enter a final judgment which does not dispose of all the claims or parties "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." FED. R. CIV. P. 54(b). As such, this court has determined that entry of a final judgment pertaining to only the intentional infliction of emotional distress claim shall be entered, permitting Johnson an immediate appeal on this issue only. This court will therefore expressly direct entry of such a judgment.

## CONCLUSION

Based on the above reasoning, the motion for partial summary judgment filed by the defendants will be GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART. The motion for summary judgment with respect to Johnson's intentional infliction of emotional distress claim will be GRANTED and this claim will be DISMISSED WITH PREJUDICE. The motion for summary judgment with respect to the federal claims against Williams will be DENIED. The motion for summary judgment with respect to the federal claims against Hilton will be DENIED AS MOOT. The court will expressly DIRECT entry of a final judgment with respect to the intentional infliction of emotional distress claim only.

Alexandria, Louisiana

14 June 2006

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE